# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

PAUL K. LACOMBE,                            :
                                            :
                    Petitioner,             :
                                            :
            v.                              :          Civil Action No. 21-807-GBW
                                            :
BRIAN EMIG, Warden, and                     :
ATTORNEY GENERAL OF THE                     :
STATE OF DELAWARE,                          :
                                            :
                    Respondents.[1]         :

---

Paul K. Lacombe. *Pro se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

---

## MEMORANDUM OPINION[2]

July 8, 2024
Wilmington, Delaware

---

[1]The Court has substituted Warden Brian Emig for former Warden Robert May, an original party to the case. *See* Fed. Civ. R. P. 25(d).

[2]This case was re-assigned to the undersigned's docket on September 8, 2022.

Williams, District Judge:

Petitioner Paul K. Lacombe is an inmate at the James T. Vaughn

Correctional Center in Smyrna, Delaware.  Presently pending before the Court is

Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

(D.I. 1; D.I. 2)  The State filed Answer in opposition, to which Petitioner filed a

Reply.  (D.I. 9; D.I. 13)  For the reasons discussed, the Court will dismiss the

Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I.   INTRODUCTION

On December 26, 2011, Petitioner and three other people (including his

older brother Claude Lacombe) participated in a robbery, during which two

individuals were killed.  (D.I. 8-4 at 453; D.I. 8-6 at 228, 230-31; D.I. 9 at 4); *see*

*also Lacombe v. State*, 93 A.3d 654 (Table), 2014 WL 2522273, at *1 (Del. May

30, 2014).  When interviewed by the police, Petitioner admitted that he shot both

victims.  (D.I. 8-3 at 28-29; D.I. 8-6 at 35; D.I. 8-8 at 132)  Petitioner's confession

was recorded on December 27, 2011.  (D.I. 8-3 at 110; D.I. 8-4 at 73-178)

On January 30, 2012, a New Castle County grand jury indicted Petitioner on

four counts of first degree murder (two were for felony murder), two counts of

attempted first degree robbery, second degree conspiracy, and six counts of

possession of a firearm during the commission of a felony ("PFDCF").  (D.I. 8-3

at 52-58)  On August 30, 2013, the Superior Court granted defense counsel's

motion for a psychological evaluation to determine if psychiatric or psychological

treatment was necessary. (D.I. 8-8 at 133) The evaluation report indicated that

Petitioner suffered from mental health issues and the examiner opined that

Petitioner met the criteria for a finding of guilty but mentally ill. (*Id.*) Defense

counsel filed a motion to suppress statements on December 12, 2012, and

Petitioner filed a *pro se* motion requesting new counsel on January 2, 2013. (D.I.

8-1 at Entry Nos. 25, 27) On March 19, 2013, Petitioner entered a plea of guilty

but mentally ill to first degree murder and second degree conspiracy; the

previously filed motion to suppress and motion for new counsel were formally

withdrawn during the plea colloquy. (D.I. 8-3 at 59-68; D.I. 8-8 at 87-88)

Before sentencing, defense counsel filed a motion to withdraw plea on

Petitioner's behalf, attaching Petitioner's handwritten letter making that request.

(D.I. 8-3 at 70-75) In August 2013, Petitioner supplemented that motion with his

own *pro se* letter explaining why he wished to withdraw his plea and why he

sought new counsel, which defense counsel forwarded to the Superior Court. (D.I.

8-3 at 79-84) The Superior Court denied Petitioner's motion to withdraw plea on

September 17, 2013. (D.I. 8-3 at 108-115) That same day, the Superior Court

sentenced Petitioner to life in prison for the first degree murder conviction and to

two years of probation for the second degree conspiracy conviction. (D.I. 8-3 at

131-134) The Delaware Supreme Court affirmed Petitioner's convictions and

sentence on April 9, 2013. S*ee Lacombe v. State*, 89 A.3d 477 (Table), 2014 WL 1407834 (Del. Apr. 9, 2014).

On August 5, 2014, Petitioner filed a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 8-4 at 463-89)  On December 30, 2014, the Superior Court appointed counsel to represent Petitioner in his Rule 61 proceeding. (D.I. 8-1 at Entry No. 107)  Post-conviction counsel filed a motion to withdraw on August 2, 2016. (D.I. 8-1 at Entry No. 116)  On March 20, 2017, a different counsel filed a motion to substitute for original post-conviction counsel. (D.I. 8-1 at Entry No. 122)  The Superior Court granted the motion to substitute post-conviction counsel, and substitute post-conviction counsel filed an amended Rule 61 motion on July 27, 2017. (D.I. 8-1 at Entry No. 129; D.I. 8-17 at 113-15)  The Superior Court denied Petitioner's amended Rule 61 motion on April 30, 2018. *See State v. Lacombe*, 2018 WL 2077323 (Del. Super. Ct. Apr. 30, 2018).  On February 20, 2019, the Delaware Supreme Court affirmed that decision, and denied Petitioner's subsequent motion for reargument on March 6, 2019. *See Lacombe v. State*, 205 A.3d 822 (Table), 2019 WL 764037, at *1 (Del. Feb. 20, 2019) (*rearg't denied* Mar. 6, 2019).

Petitioner filed a second *pro se* Rule 61 motion on August 13, 2019. (D.I. 8-20)  The Superior Court summarily dismissed the second Rule 61 motion on October 11, 2019 as procedurally barred under Rule 61(d)(2) on the basis that

3

subsection (d)(2) precludes defendants who were not convicted after a trial from filing second or subsequent postconviction motions.  (D.I. 8-21)  Petitioner filed a notice of appeal with respect to that decision in the Superior Court on November 8, 2019.  (D.I. 8-1 at Entry No. 154)  The record does not contain any indication that Petitioner filed a notice of appeal in the Delaware Supreme Court concerning the denial of his second Rule 61 motion.

On October 2, 2020, Petitioner filed a third Rule 61 motion, which the Superior Court summarily dismissed on November 25, 2020 for being successive under Rule 61(d)(2).  (D.I. 8-23)  Petitioner appealed.  On February 22, 2021, the Delaware Supreme Court dismissed Petitioner's appeal as untimely filed.  (D.I. 8-25); *Lacombe v. State*, 248 A.3d 104 (Table), 2021 WL 684876, at *1 (Del. Feb. 22, 2021).

Petitioner's form habeas Petition and his Memorandum in Support were both docketed in this Court on June 2, 2021.  (D.I. 1; D.I. 2)  The Petition and Memorandum in Support assert four Claims: (1) defense counsel provided ineffective assistance by failing to conduct a "meaningful and effective investigation" into Petitioner's past mental illness, which "would have amounted to a mitigated criminal liability had it been effectively pursued" (D.I. 1 at 5; D.I. 2 at 7-8); (2) appellate counsel provided ineffective assistance by filing a no-merits brief on direct appeal and not including a "viable claim regarding the mental illness

4

aspect of the case" that Petitioner asked to be included, which caused Petitioner's claims to be procedurally defaulted (D.I. 1 at 5; D.I. 2 at 2-4); (3) the trial court did not conduct a mental health hearing separate and distinct from any other hearing as required by 11 Del. C. § 408(a) (D.I. 2 at 7); and (4) the State committed a material misrepresentation (D.I. 1 at 7). In his Reply to the State's Answer, Petitioner appears to add a claim that the Superior Court erred in denying his motion to withdraw his guilty plea because his confession was obtained while he was "heavily intoxicated and suffering from mental delusions/manic episodes" in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). (D.I. 13 at 4-7)

## II.   ONE YEAR STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions on April 9, 2014, and he did not seek review by the United States Supreme Court.

As a result, his judgment of convictions became final on July 8, 2014. Applying the one-year limitations period to that date, Petitioner had until July 8, 2015 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the triggering date). Petitioner, however, did not file the instant Petition until May 10, 2021,[3] almost six full years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner makes a gateway showing of actual innocence. *See Jones,* 195 F.3d at 158; *see Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021) (explaining that actual innocence is an "exception to the statute of limitations" rather than an "extension

---

[3]Although the Petition and Memorandum of Support were electronically filed and docketed on June 2, 2021, the Petition's certificate of mailing is dated May 10, 2021 (D.I. 1 at 15), and the Memorandum in Support is dated May 20, 2021 (D.I. 2 at 12). Because it does not affect the outcome, the Court has given Petitioner the benefit of the prison mailbox rule and adopts May 10, 2021 as the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

7

to the statute of limitations via equitable tolling."). The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Swartz,* 204 F.3d at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

A post-conviction motion "is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998) (noting that a properly filed application is "one submitted

8

according to the state's procedural requirements, such as the rules governing the
time and place of filing."). Thus, if a state postconviction motion is rejected by a
state court as untimely, "that is the end of the matter" for § 2244(d)(2) purposes;
the motion is not "properly filed" and does not statutorily toll AEDPA's limitations
period. *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005); *accord Jenkins v.
Sup't of Laurel Highlands*, 705 F.3d 80, 86 (3d Cir. 2013) (explaining that  a state
court dismissal of a state post-conviction motion as untimely " is the end of the
matter" for purposes of § 2244(d)(d), "regardless of whether it also addressed the
merits of the claim, or whether its timeliness ruling was entangled with the
merits."). In contrast, a state's procedural bar on successive state petitions does not
necessarily prevent a petition from being "properly filed" within the meaning of 28
U.S.C. § 2244(d)(2). *See Artuz*, 531 U.S. at 8 ("In some jurisdictions the filing
requirements also include, for example, preconditions imposed on particular
abusive filers [...]. But in common usage, the question whether an application has
been 'properly filed' is quite separate from the question whether the claims
contained in the application are meritorious and free of procedural bar."). As
explained by the Third Circuit, if "a petitioner complies with these procedural
requirements [such as the rules governing the time and place of filing], his petition,
even a second or successive petition, is a properly filed application for purposes of
§ 2244(d)(2)." *Lovasz*, 134 F.3d at 148.

9

In this case, the limitations clock started to run on July 9, 2014 and ran for

27 days until Petitioner filed his first Rule 61 motion on August 5, 2014.  The

Superior Court denied the Rule 61 motion on April 30, 2018.  The Delaware

Supreme Court affirmed that decision on February 20, 2019, and denied

Petitioner's subsequent motion for reargument on March 6, 2019.  In these

circumstances, the Rule 61 motion tolled the limitations period from August 5,

2014 through March 6, 2019.

The limitations clock started to run on March 7, 2019, and ran for 159 days

until Petitioner filed his second Rule 61 motion on August 13, 2019.  On October

11, 2019, the Superior Court summarily dismissed the second Rule 61 motion

under Rule 61(d)(2) for being second or subsequent.  (D.I. 8-21)  The State argues

that the Superior Court's summary dismissal of Petitioner's second Rule 61 motion

under Rule 61(d)(2) demonstrates that the second Rule 61 motion was not properly

filed for § 2244(d)(2) purposes, because the Superior Court

> rejected the [second Rule 61] motion for failure to have
> met a precondition of filing for a second or successive
> postconviction motion – conviction after a trial. [...] [T]he
> applicable state rule goes to the "initiation" of the motion
> and the "court's ability to consider" the motion, precluding
> the court from consideration of the merits of any claims in
> the motion unless the movant was convicted at trial.

(D.I. 9 at 10-11)

It is not entirely clear that Rule 61(d)(2)'s language limiting the availability

of second or subsequent Rule 61 motions to defendants who were convicted after a

trial constitutes a condition to filing as opposed to a condition for obtaining relief.

Because the Petition is time barred regardless,[4] the Court need not resolve the issue

and assumes the second Rule 61 motion was properly filed for the purposes of this

opinion.[5]

To reiterate, Petitioner filed his second Rule 61 motion on August 13, 2019,

which the Superior Court dismissed on October 11, 2019.  Since Petitioner did not

appeal that decision,[6] the second Rule 61 motion tolled the limitations period from

---

[4]For instance, if the second Rule 61 motion was not properly filed, then it did not trigger statutory tolling when it was filed on August 13, 2019.  In this scenario, when the limitations clock resumed on March 6, 2019 (the date the Delaware Supreme Court denied reargument concerning its affirmance of the Superior Court's denial of Petitioner's first Rule 61 motion), the limitations clock would have run the remaining 338 days without interruption until the limitations period expired on February 7, 2020.

[5]Interestingly, although the State contends Petitioner's second Rule 61 motion did not statutorily toll the limitations period, the State also asserts that "the limitations clock continued to run for another 179 days until the one-year limitations period expired on May 11, 2020." (D.I. 9 at 11)  The State's reference to "179 days" mirrors the Court's conclusion that there were 179 days remaining in the limitations period after the end of the tolling triggered by the second Rule 61 motion.  In other words, the State's reference to "179 days" demonstrates that the State treated the second Rule 61 motion as though it *did* toll the limitations period from August 13, 2019 through November 13, 2019.

[6]Although Petitioner filed a notice of appeal concerning the denial of his second Rule 61 motion in the Superior Court, he did not file a notice of appeal in the

11

August 13, 2019 through November 13, 2019, which includes the 30-day appeal period. The limitations clock resumed on November 14, 2019, and ran the remaining 179 days without interruption until the limitations period expired on May 11, 2020. Petitioner's third Rule 61 motion, filed on September 28, 2020, had no statutory tolling effect because it was filed after the expiration of the limitations period.

Thus, even after applying the available statutory tolling, the Petition is time-barred, unless equitable tolling applies or Petitioner establishes a gateway claim of actual innocence.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. Additionally, the obligation to

---

Delaware Supreme Court. The notice of appeal filed in the Superior Court did not trigger the Delaware Supreme Court's appellate jurisdiction. *See Benner v. Correctional Medical Services*, 974 A.2d 857 (Table), 2009 WL 1427292, at *1 *Del. May 22, 2009) ("Filing a notice of appeal with the Superior Court within the applicable [appellate] time period does not constitute compliance with the jurisdictional requirement governing [the Delaware Supreme] Court.").

act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner appears to contend that his mental illness constitutes an extraordinary circumstance warranting equitable tolling. (D.I. 13 at 3) "[M]ental incompetence is not a *per se* reason to toll a statute of limitations. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002); *Wallace*, 2 F.4th at 144 ("[T]he relevant inquiry for purposes of assessing extraordinary circumstances is how severe an obstacle the circumstance creates with respect to meeting AEDPA's one-year deadline."). "[C]ourts must consider

13

the totality of the circumstances in determining whether the record supports the petitioner's claim that he had no period of sufficiently good health . . . during which he could have pursued a federal habeas petition." *Wallace,* 2 F.4th at 145.

Here, Petitioner asserts, and the record demonstrates, that he was mentally ill at the time of the murders. Although Petitioner asserts that he "was/is clearly mentally ill, and cannot reasonably be expected to have articulated his cause of action" (D.I. 13 at 3), Petitioner has not provided any records demonstrating that he suffered from mental health issues during the relevant un-tolled intervals of the limitations period – March 7, 2019 to August 13, 2019 or November 13, 2019 to May 2021 – that prevented him from timely filing a habeas petition. Since Petitioner has failed to demonstrate a causal connection between his mental illness and the untimely filing of the instant Petition, the Court concludes that Petitioner's mental illness does not constitute an extraordinary circumstance triggering equitable tolling.

Citing *Martinez v. Ryan*, 566 U.S. 1 (2012), Petitioner also asserts that defense counsel's failure "to collaterally attack the mental illness issues associated with this case" constitutes an extraordinary circumstance. (D.I. 13 at 3-4) To the extent Petitioner is arguing that defense counsel's failure to properly litigate his motion to withdraw his plea warrants equitable tolling, the argument fails. Once again, Petitioner has not established a causal connection between defense counsel's

14

alleged ineffectiveness in 2012-2013 and Petitioner's inability to file a habeas

petition before the expiration of the limitations period in May 2021. Additionally,

in non-capital cases, only egregious attorney error constitutes an extraordinary

circumstance for purposes of equitable tolling. *See Schlueter v. Varner*, 384 F.3d

69, 76-77 (3d Cir. 2004). An "egregious error" includes instances where an

attorney fails to file an appeal after an explicit request from the defendant,[7]

affirmatively deceives the defendant about filing a direct appeal, or where the

attorney persistently neglects the defendant's case. *See id.* Defense counsel's

failure to succeed on Petitioner's motion to withdraw his guilty plea does not

amount to an "egregious error" for equitable tolling purposes.

To the extent the Court should liberally construe Petitioner's argument to be

that the alleged ineffective assistance of post-conviction counsel warrants equitable

tolling, it is similarly unavailing. In *Martinez,* the Supreme Court held that

inadequate assistance or the absence of counsel during an initial-review state

collateral proceeding may establish cause for a petitioner's procedural default of a

claim of ineffective assistance of trial counsel. *Id.* at 12, 16-17. In order to obtain

relief under *Martinez*, a petitioner must demonstrate that post-conviction counsel

provided ineffective assistance during initial-review collateral proceeding, that the

---

[7]*See Velaquez v. Grace*, 277 F. App'x 258 (3d Cir. 2008).

15

underlying ineffective assistance of trial counsel claim is substantial, and that petitioner was prejudiced. *Id.* at 14-17. *Martinez* does not aid Petitioner in his quest for tolling in this case because the *Martinez* rule does not apply to AEDPA's limitations period. *See Puller v. Pierce*, 2016 WL 2869753, at *4 (D. Del. May 16, 2016).

And finally, to the extent Petitioner's late filing was due to a mistake or miscalculation of the one-year filing period, such a mistake does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all these reasons, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

### C. Actual Innocence

Finally, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. Petitioner, however, does not assert any claim of actual innocence.

Based on the foregoing, the Court concludes that the Petition is time-barred.[8]

---

[8]Given its conclusion that the Petition is time barred, the Court will not address the State's additional arguments for denying the Petition.

16

## III.   CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time barred and does not warrant relief.  Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV.   CONCLUSION

For the reasons discussed, the Court will deny the instant Petition as time barred without holding an evidentiary hearing or issuing a certificate of appealability.  The Court will enter an order consistent with this Memorandum Opinion.